PATRICK J. PERROTT, JUSTICE OF THE PEACE, v. CURTIS E. PIERCE, PROSECUTING ATTORNEY.

*Constitutional law—Justices of the peace—Municipal courts— Jurisdiction.*

It is competent for the Legislature to vest in the police court of a city exclusive jurisdiction to hear, try, and determine all criminal cases triable by a justice of the peace, where the offense charged was committed within the corporate limits of the city.[1]

Application for *mandamus* to compel the prosecuting attorney of Bay county to try an assault and battery case, arising within the corporate limits of Bay City, before a justice of the peace of said city. Submitted June 18, 1889. Denied June 28, 1889. The facts are stated in the opinion.

*James Van Kleeck*, for relator.

*Curtis E. Pierce*, in *pro. per.*, for respondent.

SHERWOOD, C. J. The relator is a justice of the peace in Bay City, and asks for a *mandamus* requiring the respondent, the prosecuting attorney of the county, to appear before him in behalf of the people, and conduct a prosecution against a respondent for assault and battery committed within the corporate limits of Bay City.

The respondent denies the right of relator to issue the warrant or to try the case, and insists that he is without jurisdiction to entertain proceedings therein; that the police court has exclusive jurisdiction to hear, try, and determine all criminal cases where the offense charged shall have been committed within the city, and which offense, if committed without the city, would have been within the jurisdiction of

---

[1] See *People v. Pond*, 67 Mich. 98, and note.

the justice to try and determine, under the general laws of the State giving the justices jurisdiction.

By section 161 of Act No. 435 of the local acts of the Legislature for the year 1887, the police court of Bay City is given original and exclusive jurisdiction in the class of cases of which assault and battery is one. It is claimed, however, by relator that the jurisdiction of justices of the peace to try criminal cases cannot be divested by the act referred to; that they are conservators of the peace; and that their power to try such cases as the present one appertains to that office, which is a constitutional one.

The jurisdiction of justices of the peace secured by the Constitution is not infringed by this provision of the charter of Bay City transferring the exclusive power to try the criminal cases referred to to the police court of that city. The Legislature is invested with the power to create the police court for the city, and give it such jurisdiction as it may deem proper, and the jurisdiction of a justice of the peace to try criminal cases is derived from no higher authority or source. In both cases it comes from the Legislature, and it may be granted or withheld at the pleasure of the law-making power. Article 6, § 1, Const.

The statute creating the police court of Bay City confines its jurisdiction within its corporate limits, and does not interfere with the power given justices in cases arising in other parts of the county outside of the city, and I am satisfied it is in this respect within the provisions of the Constitution. As was said by Mr. Justice CAMPBELL in *Allor v. Wayne County Auditors*, 43 Mich. 100 (4 N. W. Rep. 492), in speaking of justices of the peace, and their power to try criminal offenses:

" Their power to try criminal offenders is statutory, but it is contemplated by the Constitution that it shall exist to some extent, and the general statutes have extended this jurisdiction to a large class of minor offenses, and it can only be

restricted by the special municipal criminal jurisdiction in cities."

In this case it has been thus limited, and I have been unable to discover why it may not be done. The police court having the exclusive power to hear and try the case against the respondent therein, it follows that the proceedings before the justice were unwarranted, and the prosecuting attorney was right in not complying with the request of the justice, and the writ must be denie.l, but without costs.

The other Justices concurred.