GRATOPP *v.* VAN EPS.

JUSTICES OF THE PEACE — ABOLISHMENT OF OFFICE — CONSTITU-
TIONAL LAW.

  A justice of the peace in a city cannot be legislated out of
  office before the expiration of the term for which he was
  elected under article 6, § 17, of the Constitution, by an act
  reincorporating the city, and reducing the number of justices
  therein.

*Mandamus* by Frederick Gratopp to compel Arthur E.
Van Eps, a justice of the peace, to issue an execution.
Submitted May 4, 1897. Writ granted July 13, 1897.

The relator obtained a judgment under one Salisbury, a
justice of the peace of the city of Mt. Clemens, in August,
1894. At the spring election of 1895 the respondent was
elected the successor of said Salisbury. The city at that
time had four justices of the peace, the respondent being
elected for a full term. The city of Mt. Clemens was
reincorported under Act No. 215, Pub. Acts 1895; the re-
incorporation taking effect January 1, 1896. In the rein-
corporation only two justices were provided. Two jus-
tices were elected, qualified, and entered upon the dis-
charge of their duties. The respondent refused to turn
his books and records over as the law requires a justice to
do when his office is vacated, and also refused to issue an
execution to the relator. The reason for his action is his
doubt as to his tenure of office. The purpose of this pro-
ceeding is to settle that question.

  *Byron R. Erskine,* for relator.

  *Fred A. Maynard,* Attorney General, for respondent.

  GRANT, J. (*after stating the facts*). A justice of the
peace is a constitutional officer. The Constitution provides

that he shall be elected, and shall hold his office for four years, and until his successor is elected and qualified. Const. art. 6, § 17; *Brooks* v. *Hydorn*, 76 Mich. 273. The legislature cannot deprive constitutional officers of the powers and duties conferred upon them by the Constitution. *Averill* v. *Perrott*, 74 Mich. 296. It appears to be well settled that, where the term of office of a constitutional officer is fixed by the Constitution, the legislature cannot remove him by abolishing the office, unless the power so to do is expressly given by the Constitution. *People* v. *Garey*, 6 Cow. 642; *Garey* v. *People*, 9 Cow. 640; *State* v. *Friedley*, 135 Ind. 119; *Foster* v. *Jones*, 79 Va. 642 (52 Am. Rep. 637); *King* v. *Hunter*, 65 N. C. 603 (6 Am. Rep. 754); *People* v. *Bull*, 46 N. Y. 57 (7 Am. Rep. 302); 19 Am. & Eng. Enc. Law, 562*m*. We are not dealing with a case where the officers of a municipality have been legislated out of office by the repeal of its charter and the destruction of its identity, but with a case where the name, identity, and territorial limits remain the same. In the latter case the charter has simply been reorganized or amended, but no jurisdiction destroyed. In such case constitutional officers whose terms are fixed by that instrument cannot be legislated out of office by such reorganization or amendment. The respondent having been elected for a full term, the act of reincorporation of the city did not operate to legislate him out of office. He should therefore have proceeded to issue the writ of execution.

The writ of *mandamus* will issue accordingly.

The other Justices concurred.