ATTORNEY GENERAL, *ex rel.* HOOPER, *v.* LOOMIS.

1. STATUTES—TITLE—SUFFICIENCY.
   A title of an act, in substance and effect declaring its purpose to be to amend the charter of a named city, stating the sections of the old charter amended and the sections added, and setting out the general purpose of the amendatory law, is sufficient under section 20 of article 4 of the Constitution.

2. SAME—AMENDMENT—REPUBLISHING AT LENGTH.
   A local act (Act No. 392, Local Acts 1905), amendatory of a city charter, and establishing a municipal court and peace officers for the city, is not invalid under section 25 of article 4 of the Constitution because failing to set out sections of the general laws of the State which are thereby amended by implication.

3. JUSTICES OF THE PEACE—NUMBER REQUIRED BY CONSTITUTION.
   A local act limiting the number of justices of the peace in a city is not obnoxious to section 17 of article 6 of the Constitution.

4. SAME—JURISDICTION—MUNICIPAL COURTS.
   There is nothing in section 18 of article 6 of the Constitution preventing the legislature from conferring upon municipal courts such jurisdiction as is there given to justices of the peace.

5. CONSERVATORS OF THE PEACE—CONSTITUTIONAL PROVISION—EXCLUSIVENESS.
   Section 19 of article 6 of the Constitution, providing that certain officers shall be conservators of the peace, does not prevent the legislature from making other officers conservators of the peace also.

6. COURTS — JUSTICES OF THE PEACE — JURISDICTION — CONSTITUTION.
   An act which creates a municipal court and confers power upon its judge to act as an examining magistrate, but does not attempt to deprive any justice of the peace of similar jurisdiction, does not conflict with section 19 of article 6 of the Constitution.

7. STATUTES—UNCONSTITUTIONAL FEATURE—ELIMINATION.
   An act, the objectionable feature of which may be eliminated,

leaving the remainder to stand as a valid and workable enactment, is not wholly void.

8. COURTS—JUSTICES OF THE PEACE—LIMITATION AS TO NUMBER.
   Act No. 392, as supplemented by Act No. 610, Local Acts 1905, providing for a municipal court for the city of Battle Creek consisting of a judge and an associate who exercises his powers only in the absence or on direction of the judge, cannot be sustained as a mere limitation of the number of justices of the peace for the city.

9. MUNICIPAL COURTS—JURISDICTION—TERRITORIAL EXTENT.
   Act No. 392, as supplemented by Act No. 610, Local Acts 1905, attempting to create a municipal court for the city of Battle Creek, contemplating that its process shall run, both in civil and criminal cases, beyond the confines of the city, and that its judges shall exercise all the powers of justices of the peace, which officers it supersedes, is invalid.

10. JUSTICES OF THE PEACE—NECESSITY.
    It may well be doubted if it is within the power of the legislature to set up a community in which the powers and duties of justices of the peace shall have no recognition.

Quo warranto proceedings by John E. Bird, attorney general, on the relation of Joseph L. Hooper, prosecuting attorney of Calhoun county, against Fred W. Loomis to try the title to the office of judge of the municipal court of Battle Creek. Submitted October 3, 1905. (Docket No. 254.) Judgment of ouster entered October 31, 1905.

Act No. 392, Local Acts 1905, to test the validity of which this suit was brought, is as follows:

"An act to amend sections one and two of chapter three; and section one of chapter twenty-three, and to add to said chapter twenty-three twenty-five sections to be known as sections two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, and twenty-six of act number four hundred and thirty of the local acts of eighteen hundred ninety-nine, entitled 'An act to amend and revise the charter of the city of Battle Creek,' approved June one, eighteen hundred ninety-nine, as amended by act

number four hundred fifty-two, of the local acts of nineteen hundred one, approved May twenty-eight, nineteen hundred one, as amended by act four hundred seventy-eight of local acts of nineteen hundred three, approved May twenty, nineteen hundred three, and to establish and provide a municipal court in said city in the place and stead of justice courts, to provide a judge and associate judge of said court and to define the duties and fix the compensation of said judge and associate judge; and to limit the number, to define the duties, and fix the compensation of constables, and to repeal all acts or parts of acts inconsistent herewith.

" *The People of the State of Michigan enact :*

"Section 1.    Act number four hundred thirty of the local acts of eighteen hundred ninety-nine entitled ' An act to amend and revise the charter of the city of Battle Creek,' approved June one, eighteen hundred ninety-nine, as amended by act number four hundred fifty-two of local acts of nineteen hundred one, approved May twenty-eight, nineteen hundred one, as amended by act number four hundred seventy-eight of the local acts of nineteen hundred three, approved May twenty, nineteen hundred three, is hereby amended by amending sections one and two of chapter three; by amending section one of chapter twenty-three, and by adding to said chapter twenty-three twenty-five sections to be known as sections two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, twenty-five, and twenty-six, so that said amended sections and said added sections of said chapters shall read as follows:

" Chapter III.

"Section 1. The following officers shall be elected from among the electors of said city, to wit:    One mayor, one recorder, who shall be ex officio city clerk, one treasurer, three assessors, one judge, and one associate judge, of the municipal court, and two constables, to be elected and to hold their respective offices as follows, and until their successors are elected and qualified to wit:    At the annual charter election in April, A. D. nineteen hundred five and every two years thereafter, there shall be elected one mayor, who shall hold said office for two years, and who

shall be ineligible for two consecutive terms; one recorder and one treasurer, who shall each hold said office for one year; one assessor who shall be elected for a term of three years as provided in section three of this act, which section is hereby continued in force and effect; one judge, and one associate judge, of the municipal court, who shall each hold his office for four years; and two constables who shall be elected one for the term of one year and one for the term of two years, and one constable shall be elected annually thereafter for the term of two years. At the charter election to be held in April, A. D. nineteen hundred six, and every two years thereafter, there shall be elected one recorder, and one treasurer who shall hold their respective offices for two years.

"Sec. 2. There shall be elected annually in the several wards, from among the electors thereof, one alderman, who shall hold his office for two years, and until his successor shall be elected and qualified.

"Chapter XXIII.

"Section 1. There shall be established in the city of Battle Creek a municipal court, with one judge, one associate judge and one clerk as hereinafter provided, which court and officers thereof shall have the same powers and jurisdiction and duties as are, or may be, provided by law in regard to justices of the peace and justice courts in the several townships of this State, except as otherwise hereinafter provided. The title of said court shall be the ' Municipal Court of Battle Creek.'

"Sec. 2. The constables of the city elected as provided by chapter three of this act, shall have the like powers and authority in civil and criminal cases and in relation to the service of all manner of civil and criminal process issued out of said municipal court, and also such as is conferred by law upon constables in townships. They shall have power to serve all processes issued for breaches of the ordinances of the city and shall be ex officio members of the police force of said city. They shall obey all lawful orders of the said judge and associate judge not inconsistent with his statutory duties; and they shall attend upon the said court whenever required so to do by the said judge or associate judge. They shall discharge all duties required of them by any ordinance, resolution or regulation of the common council; and for any refusal to perform any duty lawfully required of them every constable shall

be subject to a penalty of not less than five nor more than fifty dollars; and he and the sureties upon the bond to be filed by him as hereinafter required, shall be liable to any person injured for any neglect or refusal on his part to perform any lawful duty required of him. Every constable, before entering upon the duties of his office shall give such security for the performance of his duties as is required of constables in townships, and also such as may be required by the common council of the city of Battle Creek, and file the same with the recorder. Each of said constables shall receive a salary to be determined by the common council on or before the first Monday in March of each year for the ensuing year, to be paid monthly by the treasurer of said city, in the same manner that other salaries are paid: *Provided,* That the common council shall fix the said salary for the year nineteen hundred five on or before the first regular meeting in June, nineteen hundred five. Said constables shall receive no fees or perquisites for the performance of any duties required of them as said constables in criminal cases and for violations of the ordinances except that in criminal cases and in cases brought for any breach of the ordinances of said city for services performed outside of the city, they shall receive from the city of Battle Creek, their actual and necessary expenses, to be allowed by the common council like other claims. Each of said constables shall keep a correct itemized account of all such expenses, and of all fees in criminal cases which by the general laws of this State he would be entitled to receive for services rendered by him as constable, if compensation for such services were not made by salary as herein provided, and file a verified statement thereof with the judge of said court at the close of each month. Said judge shall examine the same and shall certify thereon whether he believes the same to be correct, and transmit the same together with the verified statement required of him by section twenty-three of this chapter to the common council. The constables elected under the provisions of this act shall qualify and enter upon the duties of their respective offices in like manner as other city officers provided for in this act.

"SEC. 3. At the general election held in April nineteen hundred five, and every four years thereafter, there shall be elected one judge of the municipal court whose term of office shall commence on the fourth day of July following his election and continue for four years and until his suc-

cessor shall be elected and qualified, and he shall be elected on the general city ticket in the manner provided for the election of other city officers.

"SEC. 4. At the general charter election held in April, nineteen hundred five and every four years thereafter there shall be elected one associate judge of the municipal court whose term of office shall commence on the fourth day of July following his election and continue for four years and until his successor shall be elected and qualified, and he shall be elected on a general city ticket.

"SEC. 5. Said associate judge shall have no powers, duties or jurisdiction except only at such times and in such cases as there shall be a vacancy in the office of the said judge, or when said judge shall be unable to perform the duties of his said office by reason of sickness or his absence from the city, or, he shall be disqualified to act by the general law of this State, or when justice demands and to avoid delay the judge deems it expedient, then at such times and in such cases said associate judge shall for the time being assume the powers, duties and jurisdiction of said judge, shall proceed to the trial of cases already commenced, issue process and commencement of new cases, and conduct the affairs and business of said court as judge of said court until said judge is again able to perform the duties of said office and the cases commenced and unfinished by said associate judge shall be conducted and finished by said judge.

"SEC. 6. Said judge and the associate judge in the cases hereinbefore provided shall have jurisdiction to hear, try and determine all charges and offenses and misdemeanors alleged to have been committed within the said city, and which by the general laws of the State are within the jurisdiction of justices of the peace. Said· court and the judges thereof shall also have jurisdiction to hear and examine all charges for crimes alleged to have been committed within the city and which by the general laws of the State are examinable by and before justices of the peace, and to hold to bail or commit for trial in the circuit court for the county of Calhoun. They shall also have concurrent jurisdiction with justices of the peace of the county of Calhoun as to all crimes, offenses and misdemeanors when alleged to have been committed without the city, but within the county of Calhoun: *Provided, however*, That this section shall not affect the jurisdiction of justices of the peace now in office within this city until

each of such offices shall be discontinued under the operation of this act.

"SEC. 7. The general laws of the State and this act relating to justices of the peace shall in all things apply to and govern said court and the offices thereof, except as otherwise provided in this act.

"SEC. 8. The said municipal court and the judges thereof shall have original jurisdiction of all civil actions wherein the debt or damages do not exceed the sum of one hundred dollars, the same as justices of the peace under the general law of the State, and concurrent jurisdiction of all civil actions upon contract express or implied wherein the debt or damages do not exceed five hundred dollars, with such provisions, exceptions and restrictions, as exist under the general law pertaining to justices of the peace: *Provided, however*, That no justice of the peace of any of the townships in the county of Calhoun shall have jurisdiction over any cause or proceeding, where both parties to the same or one or more of the plaintiffs and one or more of the defendants reside in the city of Battle Creek at the time of the commencement of the proceeding or cause, nor in case where the original cause of action existed in favor of a plaintiff and against a defendant, both residents of said city, and has been assigned to a nonresident of said city.

"SEC. 9. Said judge and the associate judge as is hereinbefore provided, are hereby authorized, empowered and required to inquire of, hear, try and determine in a summary manner, all offenses which shall be committed within this city against any of the by-laws or ordinances made by the common council of the city, or arising under the provisions of this act, to punish the offenders as by the said by-laws or ordinances, or by this act shall be prescribed or directed; to award all process and to take recognizances for the keeping of the peace, for the appearance of the person charged, and upon appeal or certiorari, and to commit to prison as occasion shall lawfully require: *Provided, however*, That this section shall not affect the jurisdiction of justices of the peace now in office within the city.

"SEC. 10. Said judge shall receive no fees to his own use, but in lieu thereof shall be paid from the city treasury an annual salary of fifteen hundred dollars a year payable in equal monthly installments.

"SEC. 11. Said associate judge shall receive a per diem

compensation of five dollars when holding court for and in the place of the said judge, the same to be deducted from the salary of the said judge; and if at any time it shall be expedient or necessary for the said judge and associate judge to hold court at the same time the associate judge shall receive the same compensation as the said judge and shall be paid from the city treasury: *Provided*, That in case said judge shall not be absent from duty to exceed fifteen days during the year, no deduction shall be made from his salary.

"SEC. 12. There shall be a clerk of the municipal court to be appointed by the common council upon the nomination and recommendation of the said judge, and who may be suspended or removed by said judge at any time, with the consent of the common council, and who shall receive an annual salary fixed by a two-thirds vote of the common council, the same to be fixed on or before the first regular meeting in March of each year. Said salary shall be payable in equal monthly installments from the city treasury: *Provided*, That the common council shall fix the said salary for the year nineteen hundred five on or before the first regular meeting in June, nineteen hundred five.

"SEC. 13. The common council shall provide and furnish for the said court a suitable and convenient court room, with jury room adjacent and a private office, and provide and furnish with desks, fire-proof safe, tables, furniture, fuel, blanks and stationery, and such other things as may be required to properly transact the business of said court.

"SEC. 14. The judge or associate judge may call upon any constable in the city, or upon the chief of police to detail one or more policemen, as the said judge may direct, to attend upon and keep order in the municipal court under the direction of said judge or associate judge.

"SEC. 15. Such judge and the associate judge shall qualify in the manner provided by the general laws of the State for justices of the peace, but their bonds shall be approved by the common council.

"SEC. 16. Said clerk shall qualify by taking the constitutional oath and giving a bond in such amount and with such sureties as may be required by the common council.

"SEC. 17. Said clerk shall, under the direction of the judge, keep three dockets, which dockets shall contain all

that is required to be kept under the general laws of the State, relating to justices. In one of said dockets shall be kept a record of all civil business, in another all criminal business, and in the third all cases under city ordinances, rules and by-laws. He shall also keep a general record book in which shall be entered all general rules, orders, notices and matters of which record should be kept, and which do not properly come under either of the three subdivisions above provided. He shall also file and safely keep and care for all books, papers, and other things coming to his hands as such clerk, being subject at all times to the direction and control of said judge, and said dockets shall be signed by said judge or by the associate judge when acting.

"SEC. 18. The justices of the peace now in office shall continue to hold their offices until the expiration of their respective terms, and no longer, and so long as they remain in office their jurisdiction shall remain unchanged except that after the judge and associate, herein provided for, shall have been elected, qualified and entered upon the duties of their offices, all prosecution for the violation of any ordinance shall be brought before said municipal court and not elsewhere.

"SEC. 19. In every civil action or proceeding, except garnishment proceedings commenced in said municipal court, there shall be paid to the clerk by the plaintiff, an entry fee of one dollar, and before the trial of any action or proceeding shall be commenced, such party shall pay a judgment fee of one dollar in cases where the defendant shall not appear and join issue, and two dollars in cases where issue is joined between the parties; but in case of nonsuit before commencement of trial no judgment fee shall be required; proceedings in garnishment shall be treated as part of the principal cause and no additional fee shall be required therefor, except when an issue of fact shall be joined in respect to the liability of any garnishee; in such case a judgment fee of two dollars shall be paid before such trial shall commence. The fees provided in this section shall be in full for court costs and proceedings in said cause to and including the issue of an execution upon the judgment therein, and shall be taxed in favor of the party paying the same if he be the prevailing party in the suit. The fees for all alias writs, and duplicate garnishment proceedings to be the same as provided by statute, and shall be taxed and collected in addition to the fees

above specified. The jury and officers' fees provided by general law shall be paid in addition to the foregoing fees. For all services and proceedings subsequent to the issuing of an execution or for the purpose of staying proceedings or removing causes to an appellate court, there shall be paid to the said justice the fees provided by law. In all criminal cases where a fine may be imposed it shall and may be lawful to include in the sentence such an amount for costs as would be taxable, under the general laws of the State, in justices' courts, and all such costs and fees and moneys collected by such justice for or on account of the business of his office, except as herein otherwise provided, shall be paid over by said clerk to the city treasurer as hereinbefore provided. The fees of witnesses and jurors in criminal cases shall be paid in the same manner as is now provided by law for the payment of such fees by justices in townships, and all fines imposed by the said justice for the violation of any of the criminal laws of this State, except such as are imposed as costs as aforesaid, shall be, by the clerk of said court, paid to the treasurer of the county of Calhoun as required by law.

"SEC. 20. All moneys paid to said clerk, except jury, officer and witness fees, and except all fines and costs recovered for the violation of the penal laws of this State, shall be for the use of the city and shall be paid to the city treasurer, who shall give duplicate receipts therefor: *Provided*, That the constables provided for in this act shall be entitled to receive and collect in all civil cases the fees provided by statute: *Provided, also*, This act shall in no way affect the fee to which said judge may be entitled on the performance of marriage ceremonies, taking acknowledgments and administering oaths in matters not connected with any litigation in said municipal court: *Provided, further*, That said judge shall not engage in the collection of claims and accounts and shall not be connected with any collection agency.

"SEC. 21. As the term of office of the justices of peace now in office shall expire, their dockets, and the dockets then in their possession shall be turned over and delivered to the court herein provided for, and said judge is hereby authorized to issue executions, or other processes, as is now or may be authorized by law upon any judgment appearing therein.

"SEC. 22. Vacancies in said offices of judge of the municipal court and associate judge of the municipal court

shall be filled for the unexpired term in the manner provided for filling vacancies in office by this act by election at any general election or charter election held in this city, or any special election held for that purpose, in accordance with the provisions of this act for holding special elections.

"SEC. 23. All fees and costs taxable by law, shall be collected by said clerk, and monthly, or oftener if required by the common council, he shall pay over to the city treasurer all moneys received by him belonging to the city, taking duplicate receipts therefor, and filing one of such receipts with his sworn statement of the amounts with the city clerk, the other to be kept. and filed in the office of said court.

"SEC. 24. Process may be signed in blank in civil cases and left with said clerk, and may be issued by him on proper application or showing, and said clerk is authorized to administer oaths in all cases wherever an oath is required.

"SEC. 25. In cases of appeal or certiorari the said clerk may make and certify a return thereto which shall have the same force and effect as if made and certified to by said judge.

"SEC. 26. In all prosecutions before said court for a violation of any of the general laws of the State, the county of Calhoun shall be liable for court, constable and other fees and costs, to the same extent that it is liable under the general laws of the State for justice and constable fees and costs, and the clerk shall make out and certify such bill in the name of the court and present the same to the board of supervisors for said county, and said board shall allow the same as in other cases of bills from justices and constables, and the amount of the order therefor when received shall be paid over and delivered to the city treasurer. In case of examination of offenders by said court for offenses committed against the criminal laws of this State where such court has jurisdiction to examine and to hold to bail only, it shall be lawful for said judge, on motion of the prosecuting attorney, to cause an order to be entered in the records of such court before or during the pendency of said examination, appointing some suitable stenographer to take down in shorthand the testimony of such examination; and such stenographer so appointed shall receive such per diem compensation for the time so expended in taking such testimony and such price

per folio for writing out the same in longhand, as shall be fixed by the board of supervisors, the same to be allowed and paid out of the treasury of said county.

"All acts or parts of acts inconsistent with, or contravening this act are hereby repealed.

" This act is ordered to take immediate effect."

*John E. Bird*, Attorney General, and *Joseph L. Hooper*, Prosecuting Attorney, for relator.

*F. W. Loomis* ( *O. S. Clark*, of counsel ), in pro. per.

OSTRANDER, J.    At its 1905 session the legislature enacted and gave immediate effect to an act which is set out at length above.    Act No. 392, Local Acts 1905. Later, at the same session, another act was passed and given immediate effect, which declares of the act first referred to that the court therein provided for—

" Was intended to and is hereby declared to have all the authority, powers and. jurisdiction of justices of the peace, and the municipal judge provided for therein, together with the associate judge when acting in his place and stead, was intended to be and is hereby declared to be and constitute, ex officio, a justice of the peace."    Act No. 610, Local Acts 1905.

Respondent has been duly elected to office under the provisions of this legislation and has qualified.    By an information in the nature of a quo warranto, the attorney general attacks respondent's right to the office, claiming that the legislation is invalid.    The objections to the legislation, specified in the replication and considered in the briefs, are:

" 1. The said Act No. 392 is void because it embraces more than one object, in that it undertakes to establish a municipal court, and to discontinue justices' courts, in said city of Battle Creek, and seeks to limit the number, define the duties, and fix the compensation of constables within said city, contrary to section 20 of article 4 of the Constitution of this State.

" 2. It undertakes to revise, alter, and amend the general laws of the State relative to justices' courts and jus-

tices of the peace, without referring to the laws so sought to be revised, altered, or amended, or re-enacting or publishing the same, contrary to section 25 of article 4 of the Constitution.

"3. It undertakes to abolish the office of justices of the peace, so long established within the city of Battle Creek, and to decrease the number of justices of the peace within said city, contrary to section 17 of article 6 of the Constitution.

"4. It undertakes to confer upon said municipal court powers beyond the limits of said city, and to give it jurisdiction over things beyond the limits of said city, not pertaining to municipal affairs.

"5. It undertakes to confer upon said municipal court the powers exclusively belonging to justices' courts, contrary to section 18 of article 6 of the Constitution.

"6. It undertakes to make the judge and the associate judge of said municipal court conservators of the peace, contrary to section 19 of article 6 of the Constitution.

"7. It undertakes to alter, revise, and amend the general laws of the State relative to constables and their powers, duties, and compensation, without re-enacting or publishing the same, as required by section 25 of article 4 of the Constitution.

"8. It undertakes to alter, revise, and amend many sections of the charter of said city without re-enacting or publishing the same.

"Relator further alleges that said Act No. 610 is void because it undertakes to alter, revise, and amend many sections of said Act No. 392, and many sections of the charter of said city of Battle Creek, and many acts and sections of the general laws of the State of Michigan, without re-enacting or publishing the same, as required by section 25 of article 4 of the Constitution."

If we confined ourselves strictly to the objections specified, it is probable that each of them might be well answered. The objections based upon the title of the act are not well taken. In substance and effect, the act is entitled an act to amend the charter of the city of Battle Creek. The particular sections of the old charter which are amended and the sections added are stated, and the general purpose of the amendatory law is set out. It is sufficient to refer upon this point to the reasoning of this court

in *People* v. *Mahaney,* 13 Mich. 481, 494; *Underwood* · v. *McDuffee,* 15 Mich. 361, 367.. See, also, *People* v. *Hurst,* 41 Mich. 328; *Attorney General* v. *Amos,* 60 Mich. 372.

The second and seventh objections are bad. They are answered by saying that the law in question does not undertake to revise, alter, or amend any general law or general laws of the State. See, also, *People* v. *Mahaney,* 13 Mich. 496.

The eighth objection is not well made. The sections of the old charter which are in fact amended are re-enacted at length. If it is intended by the objection to say that other sections are by implication amended, the authority above cited is controlling of the point.

As to the third objection, we do not find in section 17, art. 6, of the Constitution, any rule fixing the minimum number of justices in cities; nor, fifth objection, do we find in section 18, art. 6, anything prohibiting the legislature from giving to municipal courts such jurisdiction as is there given to justices of the peace. The fact that section 19, art. 6, makes certain officers conservators of the peace within their respective jurisdictions, cannot be held to prevent the legislature from making other officers conservators of the peace. It is true that the power to examine and commit persons charged with crimes not cognizable by a justice of the peace belongs to the duties of a conservator of the peace. *Allor* v. *Wayne County Auditors,* 43 Mich. 76. See, also, *Daniels* v. *People,* 6 Mich. 381. And an act depriving justices of the peace of a city of jurisdiction as conservators of the peace, as such jurisdiction was held and recognized when the Constitution of 1850 took effect, has been held to be void. *Averill* v. *Perrott,* 74 Mich. 296. The act before us does not attempt to deprive any justice of the peace of jurisdiction, whether conferred by the Constitution or by statute.

As to the fourth objection made, it might be answered that the proviso to section 8, chap. 23, might be elimin-

ated from the act, leaving the remainder to stand as a valid and workable enactment.

It is apparent, however, that it is sought in this case to present a larger question, indicated, but not formulated, in the specific objections made, and one of considerable public importance.    The purpose of the legislature in making the amendments to the charter of Battle Creek is plain.    A reference to section 1 of chapter 3 of the charter, as it is found in Act No. 430 of the Local Acts of 1899, shows that among the officers whose election is there provided for are four justices of the peace.    The amendments we are ·considering do not provide for the election of any justices of the peace, and, while not attempting to vacate the offices of those now serving, makes no provision for filling the offices when the terms of present incumbents shall have expired.    In effect, the amendments are intended to supply a single court and judges thereof with a jurisdiction, as to subjects and amounts involved, within the limits of constitutional jurisdiction of a justice of the peace, to do the business heretofore done by four justices of the peace in the city of Battle Creek, and to pay the judges a salary.    To come directly at the real point in controversy, it is: Can the legislation be sustained, either (1) as a provision for limiting the number of justices of the peace in Battle Creek, or (2) as an act creating a municipal court?    It is not contended that the legislature may not constitutionally provide for a single justice in cities.    There is an express constitutional provision for creating municipal courts.    It is manifest, however, that there is a considerable difference between limiting, in a community, the number of constitutional judicial officers who shall exercise constitutional and other powers and creating a court for municipal purposes.

1.  The act does not provide for the election of a justice of the peace eo nomine.    It does confer upon the judges, and the court created, the jurisdiction of a justice of the peace in civil and in criminal matters, together with an extended jurisdiction stated in the proviso to section 8,

chap. 23. In view of the declaratory act, it might be held that the legislation could be given effect as a provision for a single justice of the peace, if it were not for the further provisions concerning the election and duties of an associate judge. It is provided that the associate judge shall have no powers, duties, or jurisdiction, except only at such times and in such cases as there shall be a vacancy in the office of the said judge, or when said judge shall be unable to perform the duties of his said office, or when justice demands and, to avoid delay, the judge deems it expedient. We cannot say, reasonably, that the act means to provide for two justices of the peace, because a justice of the peace is clothed, by virtue of his election to office, with powers which are not subject to be exercised or refused exercise at the will of some other justice of the peace, or assumed and discarded as the absence or sickness of another justice may require. In view of all of the provisions of the act, we cannot assume that the legislature would have passed it with the provisions concerning the associate judge and the jurisdiction of the court omitted, and, taking the act as a whole, we cannot sustain the legislation as intended merely to limit the number of justices of the peace in the city of Battle Creek.

2. It is true the title of the act announces the purpose to be to establish and provide a municipal court, but we are obliged to test the purpose of the act, not by its title alone, but by the body of the act as well. There is also to be considered, as declaratory of the legislative intent, the subsequent act. It is clear that the court was not established to relieve existing courts. The jurisdiction of the court is in no manner limited by the boundaries of the city. The court serves no municipal purpose as distinguished from a general public purpose, except in the exercise of jurisdiction under the provisions of section 9 of chapter 23. It was said by Mr. Justice CAMPBELL, speaking for the court, in *Allor* v. *Wayne County Auditors:*

" The power of justices of the peace to try civil causes

is so fixed by the Constitution that they are absolutely necessary magistrates in cities as well as elsewhere. Their power to try criminal offenders is statutory, but it is contemplated by the Constitution that it shall exist to some extent, and the general statutes have extended this jurisdiction to a large class of minor offenses, and it can only be restricted by the special municipal criminal jurisdiction in cities. A municipal court could not be authorized to try extra-municipal crimes, and no attempt has ever been made to permit it."

Much that is said by this court in the opinion in *Grand Rapids, etc., R. Co.* v. *Gray*, 38 Mich. 461, is applicable here. See, also, *Scott* v. *Wayne Circuit Judges*, 58 Mich. 312; *Denison* v. *Smith*, 33 Mich. 155; and, generally, Tiedeman on Municipal Corporations, § 102 et seq.; 1 Dillon on Municipal Corporations (4th Ed.), § 424 et seq.; *Commonwealth* v. *Hawkes*, 123 Mass. 525. It is expressly contemplated by the act in question that the process of the court shall run, both in civil and in criminal cases, beyond the confines of the city, and that the court and the judges thereof shall exercise all of the powers of justices of the peace.

We are of opinion that the act in question cannot be sustained as establishing a municipal court in the city of Battle Creek.

Various other objections to the validity of this legislation suggest themselves. It has been many times declared by this court that the municipal corporations of the State are required to be organized in such a way as to preserve to the inhabitants full means of local self-government. The exercise of the judicial power within every community is one means of government. It may well be doubted if it is within the power of the legislature to set up a community in which the powers and duties of justices of the peace shall have no recognition, and much that is said in *Allor* v. *Wayne County Auditors* concerning constables would seem to apply to justices of the peace.

It follows that judgment of ouster must be entered.

MOORE, C. J., and MCALVAY, GRANT, and HOOKER, JJ., concurred.