STRIFLING *v.* BADEN.

1. JUSTICES OF THE PEACE — MUNICIPAL COURTS — KALAMAZOO CHARTER—JURISDICTION.

   By section 18, chapter 29, of the charter of Kalamazoo (Act No. 648, Local Acts 1907), the legislature gave the municipal justice of Kalamazoo exclusive jurisdiction of all cases where both parties are residents of the city, and section 3 of the same chapter, providing that said justice "shall be considered the successor in office of all the justices of the peace now in said city as their respective terms of office shall expire," was not intended to give existing justices concurrent jurisdiction with him during the unexpired portions of their terms.

2. SAME—MUNICIPAL JUSTICES — EXCLUSIVE JURISDICTION — STATUTE—VALIDITY.

   Section 18, chapter 29, of the charter of Kalamazoo (Act No. 648, Local Acts 1907), giving the municipal justice of Kalamazoo exclusive jurisdiction of all cases where both

parties are residents of the city, is not inharmonious with sections 17 and 18 of article 6 of the Constitution, as depriving the four existing justices of the emoluments of their office in a manner equivalent to legislating them out of office.

3. SAME—MUNICIPAL JUSTICES—CONSTITUTIONAL PROVISIONS.
There is nothing in the Constitution prohibiting the legislature from conferring upon one justice of the peace exclusive civil and criminal jurisdiction in cities over cases arising in the city or between residents of the city.

Certiorari to Kalamazoo; Adams, J. Submitted September 10, 1908. (Calendar No. 23,030.) Decided December 14, 1908.

Petition by Jacob Strifling for a writ of mandamus to compel John P. Baden, justice of the peace, to dismiss an action at law for want of jurisdiction, and for a writ of prohibition restraining further proceedings. There was an order granting the writs, and respondent brings certiorari. Affirmed.

*Samuel W. Oxenford*, for relator.

*William A. Luby*, for respondent.

MOORE, J. This is a petition for a writ of certiorari to review an order of the circuit court for the county of Kalamazoo. Respondent is a justice of the peace of the city of Kalamazoo elected under its charter as it existed in 1905. His term of office began on the second Monday in April, 1905, and will end the second Monday in April, 1909, or as soon thereafter as his successor is elected and qualified. Mark Young, a resident of the city of Kalamazoo, commenced a suit before the respondent against the relator, also a resident of the city of Kalamazoo, whose attorney moved to dismiss the same for the reason that exclusive jurisdiction in such cases had been conferred upon the municipal court of Kalamazoo by its amended charter, especially section 18, chap. 29, Act No. 648, Local Acts 1907. The motion was denied, and the

relator filed a petition in the circuit court for a mandamus and writ of prohibition. A demurrer was filed to the petition, but before hearing a stipulation was also filed by which the full case might be determined. A hearing was had and an order entered granting the prayers of relator's petition.

In view of the stipulation which was entered into for the purpose of having the full case heard, we decline to consider any other than the main question, to wit:

"Did the amended charter give exclusive jurisdiction to the municipal court justice to hear and determine cases where both parties are residents of the city?"

The city charter prior to the amendment provided for the election of four justices of the peace. The amended charter provides for the election of but one justice of the peace. Section 18, chap. 29, Act No. 648, Local Acts 1907, provides:

"Said justice shall, as against all other justices of the peace of the county of Kalamazoo, and State of Michigan, have exclusive jurisdiction of all actions and proceedings, within his jurisdiction, where both parties thereto shall at the time of the commencement of such action or proceedings be residents of said city."

Section 3 of said chapter provides:

"The said municipal justice shall be considered the successor in office of all the justices of the peace now in said city as their respective terms of office shall expire."

The respondent claims that these two provisions give the justices concurrent jurisdiction, and that it is not until the terms of office of all the justices of the peace except the municipal justice have expired that the latter obtains exclusive jurisdiction of the cases where both parties reside in Kalamazoo. If this was what the legislature had in mind, it would doubtless have said so, instead of using the language we have quoted. Counsel say that if the court should find the legislature meant by "exclusive," in section 18, to deprive respondent of his jurisdiction in civil cases when

both parties are residents of the city of Kalamazoo, before his term of office expires on the second Monday in April, 1909, then it overreached its authority, and the act creating the municipal court is void as being inharmonious with sections 17 and 18 of article 6 of the Constitution of Michigan.

It is insisted that to permit this is, by indirection, to deprive a constitutional officer of his office, that the effect of so limiting his jurisdiction is to deprive him of the emoluments of his office, and that he might as well be legislated out of office. Counsel cite: *Allen* v. *Kent Circuit Judge*, 37 Mich. 474, 476; *Allor* v. *Wayne County Auditors*, 43 Mich. 101; *Gratopp* v. *Van Eps*, 113 Mich. 590, 591; *Attorney General, ex rel. Hooper*, v. *Loomis*, 141 Mich. 547. An examination of these cases will show that each of them is distinguishable from the case under consideration. In the last-named case it was said, among other things:

"We do not find in section 18, art. 6, anything prohibiting the legislature from giving to municipal courts such jurisdiction as is there given to justices of the peace."

It is also said in that case:

"It is not contended that the legislature may not constitutionally provide for a single justice in cities."

Section 1, art. 6, provides that municipal courts of civil and criminal jurisdiction may be established by the legislature in cities. Section 17 of the same article provides that there shall be not exceeding four justices of the peace in each organized township. It also provides that the legislature may increase the number of justices in cities, but we do not find any requirement that there shall be more than one justice of the peace in a city, nor do we find any prohibition upon the legislature from conferring upon one justice of the peace exclusive civil and criminal jurisdiction in cities over cases arising in the city or between residents of the city. We think the act can be sustained under the following authorities: *Root* v.

*Mayor,* 3 Mich. 433; *Perrott* v. *Pierce,* 75 Mich. 578; *Messenger* v. *Teagan,* 106 Mich. 654, and the cases cited therein.

The judgment of the court below is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and MC-ALVAY, JJ., concurred.