# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 17, 2012

144084 & (18)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

ROBERT DAVIS,
      Appellant,

v

EMERGENCY MANAGER FOR THE
DETROIT PUBLIC SCHOOLS,
      Appellee.

SC: 144084
COA: 306165

_____/

## AMENDMENT TO ORDER

On order of the Court, the order of April 16, 2012 is amended to correct a clerical error. The concurring statement by MARKMAN, J., is corrected to read as follows:

MARKMAN, J. (*concurring*).

I concur in the order for it is clear that the present controversy concerning the timeliness of the emergency manager's oath has now been rendered moot. However, our state is fortunate that this controversy has arisen in the context of an official who could easily be reappointed to public office, as occurred here, unlike, for example, a state legislator. I write separately only to respond to the Chief Justice's suggestion that the emergency manager might not even be constitutionally required to take an oath.

First, I believe that logic suggests that the emergency manager must take an oath of office. Given that the responsibilities of the emergency manager are, in some circumstances, to carry out the duties of the mayor and the members of the city council of a municipality, or, as in this case, the members of a public school board, all of whom themselves are required to take oaths of office, it would seem anomalous that an official serving in their stead would not also be required to make the same commitment to the laws and constitutions of the United States and Michigan. Moreover, it is noteworthy that the emergency manager, Roy Roberts, has never asserted that he is not required to

take an oath and, indeed, he has now undertaken to subscribe to exactly such an oath on two separate occasions.

Second, this case seems significantly distinguishable from *Underwood v McDuffee*, 15 Mich 361 (1867), which held that "referees" are not officers within the meaning of Constitution 1850, article 18, § 1, a predecessor of Constitution 1963, article 11, § 1. Such "referees," were "appointed only when [the] parties consent[ed], or waive[d] their right to a jury," and their authority was "confined to the particular suit." *Underwood*, 15 Mich at 367. Unlike referees, emergency managers are not "depend[ent] upon the will of private persons, who may call [them] into existence for their own purposes, and at their own pleasure," and their authority is not "confined to [a] particular suit." *Id*. The "impermanence" of such a referee is far different, in my judgment, from the impermanence of such positions as emergency financial managers and cabinet officers, each of whom serve at the pleasure of the Governor and without fixed terms of office.

Finally, even assuming that an emergency manager is not an "officer" within the meaning of Constitution 1963, article 11, § 1, respondent himself acknowledges that he is in the "service of the state," within the meaning of MCL 15.151, which requires all such persons "as a condition of their employment, [to] take and subscribe to the oath or affirmation required of members of the legislature and other public officers by section 2 of article 16 of the constitution of 1908 of the state of Michigan." Section 2 of article 16 of the constitution of 1908 of the state of Michigan, another predecessor of Constitution 1963, article 11, § 1, required officers to take the oath "before they enter[ed] on the duties of their respective offices."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 17, 2012

Clerk

t0411