WILCOX SILVER PLATE COMPANY v. LOUIS W. SCHIMMEL, GEORGE E. LOVEJOY AND FRANK L. SHOWERMAN.

*Injunction—Should be fairly and honestly obeyed—Court should not allow same to be evaded by subterfuges or tricks—Proceedings for contempt.*

1. Complainant obtained an injunction restraining the foreclosure of certain chattel mortagages, which writ was served on defendants, and their solicitor. On the refusal of the court to dissolve the injunction the solicitor and one of the defendants, claiming to act for the alleged *real* owner of said mortgages, whose assignment of same to one of the defendants was claimed to be formal and made merely to enable such assignee to foreclose and collect the mortgages, as the assignor's agent, sold the goods, under the power of sale in the mortgage, claiming to do so as the agents of such assignor, who was a stranger to the chancery record. The circuit court adjudged them guilty of contempt, and imposed, as a punishment, a fine and imprisonment.

    *Held*, on appeal, that they cannot be heard to claim that the assignment of the mortgage was formal, and for a special purpose, and void; that the court, having jurisdiction of the subject matter, and of the parties who held the *legal* title to the property, had the right to grant the injunction, which defendants and their solicitor were bound to obey, and which they disobeyed at their peril. That neither their belief, motive nor the intent with which the writ was disobeyed, in any manner varies their responsibility, but on the contrary they are liable for such violation, in whatever capacity, or from whatever motive they acted.

2. Injunctions, issued by courts of competent jurisdiction, must be fairly and honestly obeyed, and it would be unbecoming the dignity and self-respect of the court, to permit them to be evaded by mere subterfuges, or tricks.

Appeal from Muskegon. (Russell, J.) Argued January 22, 1886. Decided February 3, 1886.

The facts are stated in the opinion.

*Keating & Dickerman,* for complainants.

*Stephen H. Clink,* for defendants.

CHAMPLIN, J.   The complainant, as a creditor of defendants, filed its bill of complaint, alleging therein, among other things, that the firm of L. W. Schimmel & Co. was composed of Louis W. Schimmel, George E. Lovejoy and Frank Showerman, and was engaged in dealing in crockery, glassware, cutlery and silver-plated ware, at Muskegon, Michigan; that the firm became indebted to the Muskegon National Bank, and to secure such indebtedness, they executed, on the fifteenth day of April, 1884, a chattel mortgage on their stock of goods; that afterwards the firm made and executed a chattel mortgage to Louis Schimmel, the father of Louis W. Schimmel, dated May 29, 1884, and filed May 31, 1884, covering the stock in trade of said firm, ostensibly to secure the payment of $3,000; that on May 31, 1884, the firm made a general assignment of all their property to Louis Schimmel.   It is further alleged that on the ninth of June, 1884, the Muskegon National Bank assigned its mortgage to William Schimmel, of St. Peters, Minnesota, who is a brother of said Louis, and who signed his bond as assignee; that on the fourteenth of July said William Schimmel pretended to sell and assign his interest in the chattel mortgage which had been assigned to him by the bank to said Louis Schimmel, who caused the assignment to be recorded, and claims to own the same, and then immediately proceeded to foreclose both of said chattel mortgages by advertisement.   They charge that the chattel mortgage to Louis Schimmel is fraudulent and void; that the assignment is also fraudulent; and that the firm or assignee had sufficient money on hand to pay and discharge the bank mortgage; and that the keeping the same in force and foreclosing it is a scheme to injure, cheat and defraud the creditors.

The bill sets up other acts of the defendants which the complainant charges to be fraudulent, but enough has been

stated to determine the present controversy appealed to this Court.

The bill prays that Louis Schimmel may be removed as assignee, and a receiver appointed to carry out the assignment and he be ordered to transfer to such receiver the property and money of the firm in his hands, and for other relief; also for an injunction restraining the defendants from selling any of the stock of goods under said chattel mortgages, and from proceeding to foreclose the same, or either of them.

The bill was filed upon the twenty-fourth of July, 1884, and an injunction was granted, as prayed for, by the circuit judge on that day, which was duly issued and served upon Louis Schimmel, Louis W. Schimmel and George E. Lovejoy.

A motion was made to dissolve this injunction, and was overruled. Louis Schimmel answered. Stephen H. Clink is a solicitor in chancery, and was served with a copy of the injunction on the twenty-fifth of July, 1884. On the fifth day of August he appeared before the circuit court and argued the motion to dissolve the injunction. After the motion was denied, he proceeded and sold the stock of goods as the agent of William Schimmel under the power of sale contained in the mortgage given to the Muskegon National Bank. He claims that he did not act, in doing so, as the agent, solicitor or attorney of defendants, or either of them, but as the agent of William Schimmel, who, he claims, was at all times the owner of said mortgage after the assignment thereof by the bank to him, and that the assignment thereof by William to Louis was done for the purpose of enabling Louis to foreclose and collect the same for William; and that the notes, which the chattel mortgage was given to secure, were never indorsed by William to Louis, and no title passed by virtue of such assignment.

An application was made to the court, based upon affidavit, for an order that Louis Schimmel and Stephen H. Clink, one of his solicitors, show cause why they should not be punished for violating the injunction, which was granted. Clink filed his affidavit, making the claim above stated in

reference to his connection with the sale.    Proofs were also taken, and the court made a decretal order in which, among other things, it was adjudged that said Louis Schimmel and one of his solicitors, Stephen H. Clink, had deliberately violated the injunction theretofore issued in the cause by selling the stock of goods of said L. W. Schimmel & Co. under one of the chattel mortgages referred to in said injunction, and ordering, further, that a fine of one hundred dollars each be imposed upon the said Louis Schimmel and Stephen H. Clink, for their misconduct in violating said injunction; and if such fines were not paid within twenty days after service on them of a certified copy of the order, then they stand committed to the common jail of the county of Muskegon, there to remain until they shall have paid said fine, unless the court should see fit to sooner discharge them, but said commitment not to exceed thirty days, and that a warrant should issue for that purpose.

From this order the defendants, Louis Schimmel and Stephen H. Clink, have appealed.    In his affidavit Clink asserts that he " did not then believe, and does not now believe, that he in any manner violated either the letter or spirit of said injunction in making such sale."

He claims that William Schimmel was a stranger to the injunction, and neither he nor his attorneys were bound by it; that the restraint placed upon defendants' attorneys by the injunction was only operative when they were acting for defendants, and did not affect them when acting for a stranger to the proceedings; and that there was nothing in the character of their relations to defendants that was inconsistent with their acting for a stranger, and when actually so acting the injunction could not affect them ; and he cites to support this proposition the cases of *People v. Randall*, 73 N. Y. 416, and *Slater v. Merritt*, 75 N. Y. 268.    In the case of *People v. Randall*, the chamberlain of New York city, who held the fund, was restrained until further order in the premises, and further order was made without continuing the restraint upon him, and it was held that it was no violation of the order for him to convey after the first order had ter-

minated.   The second order restrained Hiler, the plaintiff,
from transferring his property, but previous to this restrain-
ing order he had already conveyed the property in dispute,
so that there was nothing for the injunction to operate upon,
and his grantee could not be said to have violated the injunc-
tion.

It is not so here.   The injunction was against Louis Schim-
mel and the other defendants selling or proceeding to sell
the property covered by the chattel mortgages, or proceed-
ing to foreclose either of them.   At the time the bill was
filed, Louis Schimmel was the mortgagee in one and the
assignee from William Schimmel of the other, and held the
legal title of both.   Neither he, nor his solicitor, can be heard
to claim that the assignment from William to Louis was
merely formal and for a special purpose and void.   The court
had jurisdiction of the subject-matter, and of the parties
who held the legal title thereto, and had the right to restrain
the parties, and their agents and solicitors, from disposing of
the goods covered by the mortgage.   They were bound to
obey the injunction, and they disobeyed it at their peril.
Neither the belief, motive, nor intent with which the writ is
disobeyed in any manner varies the responsibility of the party
who violates it; on the contrary, they are liable for its vio-
lation in whatever capacity or from whatever motives they
may have acted: *People v. Sturtevant*, 9 N. Y. 263; *Rich-
ards v. West*, 3 N. J. Eq. 456; *People v. Spalding*, 2 Paige,
326; *Commercial Bank v. Waters*, 10 Smedes & M. 559;
*Monroe v. Harkness*, 1 Cranch, C. C. 157; *Mead v. Norris*,
21 Wis. 310; *Quackenbush v. Van Riper*, 3 N. J. Eq. 350;
*Romeyn v. Caplis*, 17 Mich. 449.

The language of Mr. Justice Graves, in the case last cited,
is quite applicable here:

" In the case in question the injunction had reference to
the premises which were the subject-matter of the litigation,
and to the co-existing condition of the title, real and appar-
ent.   It had reference to the relative positions and claims of
the parties as they were, the actual state of the controversy,
and the opportunities growing out of the nature of the case
for adroit management by some of the defendants, by which

the subject of the controversy might be made to elude the grasp of the suit."

Injunctions, issued by courts of competent jurisdiction, must be fairly and honestly obeyed, and it would be unbecoming the dignity and self-respect of the court if it should permit them to be evaded by mere subterfuges or tricks. No valid or even plausible excuse was shown for the violation of the injunction in this case, and so far as this branch of the order appealed from is concerned it must be affirmed, with costs. We think the court went too far in some portions of the order appealed from, and rendered a decree upon matters which could only be adjudicated after the proofs were closed and upon final hearing. The order will therefore be modified by striking out the third subdivision of the third clause and also the fifth clause, and as so modified the order appealed from is affirmed.

The other Justices concurred.