JOHN L. AVERILL v. PATRICK J. PERROTT, JUSTICE OF THE PEACE OF BAY CITY.

[See 67 Mich. 98; 75 Id. 578.]

*Constitutional law—Justices of the peace—Exclusive jurisdiction of police court—Conservators of the peace.*

Justices of the peace of Bay City may exercise *concurrent* jurisdiction with the police justice in the apprehension and examination of persons charged wth offenses *not* cognizable by justices of the peace under the general statutes of the State; and so much of Act No. 435, Local Acts of 1887, as attempts to deprive them of *such* power, is unconstitutional. *People v. Pond*, 67 Mich. 97; *Perrott v. Pierce*, 75 Id. 578.

*Mandamus.* Submitted February 12, 1889. Granted February 20, 1889.

Application for *mandamus* to compel respondent to proceed with a preliminary examination. The facts are stated in the opinion.

*James Van Kleeck,* for relator.

*J. C. Weadock,* for respondent.

CHAMPLIN, J. Act No. 435, Local Laws of 1887, confers upon the police justice *exclusive* and original jurisdiction to hear, try, and determine all criminal cases wherein the crime, misdemeanor, or offense charged shall have been committed within the corporate limits of the city of Bay City, or upon any land, tenements, or hereditaments owned or occupied by or under the authority of the city of Bay City, within the county of Bay, and which crime, misdemeanor, or offense would be now or hereafter cognizable by a justice of the peace if the same had been committed in any other part of this State; to entertain, conduct, and dispose of all preliminary examinations into crimes, misdemeanors, or offenses which shall have been committed within the corporate limits of Bay City; to hear, try, and determine, or otherwise lawfully entertain, conduct, and dispose of, all cases and proceedings arising within the corporate limits of the city of Bay City, under the laws of this State in relation to disorderly persons, illegitimate children, fugitives from justice from other states and foreign countries, the preservation of the public peace, and the prevention of crime.

The respondent is a justice of the peace of Bay City, and a complaint was made before him against a person for violation of the criminal laws of the State not cognizable before a justice of the peace to hear, try, and determine. He issued a warrant, but refused to proceed to examine into the facts to see whether a crime had been committed, with a view to hold him to appear at the circuit court to answer any information that might be filed, on the ground that the act above referred to deprived him of jurisdiction by conferring exclusive jurisdiction

upon the police justice; and we are asked to issue a *mandamus* to compel him to proceed.

We think that portion of the act which deprives justices of the peace of jurisdiction as conservators of the peace, as it was held and recognized when the Constitution of 1850 took effect, is void and of no effect. Article 6, § 19, declares that justices of the peace and other officers therein named shall be conservators of the peace within their several jurisdictions. This authority it is not within the province of the Legislature to deprive them of. As such conservators, they had, when the Constitution took effect, the authority to apprehend offenders against the criminal laws of the State, and to hold examinations, and commit, bind over, or hold to bail, as well as other authority exercised by conservators of the peace.

The writ of *mandamus* must be issued as prayed, but without costs. In matters within the scope of the authority exercised by conservators of the peace, the several justices of the peace will exercise concurrent jurisdiction with the police justice of the city of Bay City.

The other Justices concurred.