CITY OF EATON RAPIDS *v.* HORNER.

CONTEMPT — VIOLATION OF DECREE OF APPELLATE COURT — RES
JUDICATA.

> Since the circuit court has jurisdiction, under 1 Comp. Laws
> 1897, § 554, upon a cause being remanded to it by the Supreme
> Court, to take all proceedings necessary to carry the decree
> of such court into effect, its judgment acquitting a respond-
> ent on a charge of contempt as to such a decree will be
> held *res judicata* in a new proceeding on the same charge in
> the appellate court; and this notwithstanding the proceedings
> were under the different statutes (1 Comp. Laws 1897, § 1098
> *et seq.*, and 3 Comp. Laws 1897, chap. 301) relating, respec-
> tively, to criminal and civil contempts.

Petition by the city of Eaton Rapids for an order
adjudging Charles S. Horner and others to be in con-
tempt of the decree entered in *Horner* v. *City of Eaton
Rapids*, 122 Mich. 117. Submitted December 4, 1900.
Denied February 27, 1901.

*Elmer N. Peters* ( *Russell C. Ostrander*, of counsel ),
for petitioner.

*J. B. Hendee* (*J. M. C. Smith*, of counsel ), for re-
spondents.

HOOKER, J. In December, 1899, this court made a
decree upon appeal in a chancery cause between these
parties. *Horner* v. *City of Eaton Rapids*, 122 Mich.
117 ( 80 N. W. 1012 ). The question in controversy was
the right of the respondents Horner to maintain poles,
wires, etc., for the purpose of electric lighting in the
streets of the city of Eaton Rapids. The decree was in
favor of the city, and required the removal of the poles,
wires, etc., within a period fixed by the decree; and the
cause was remanded to the circuit court under the statute
(1 Comp. Laws 1897, § 554) which provides that:

" When an appeal shall have been so heard and deter-

mined, the records and files sent from the circuit courts in chancery, together with the proceedings and decree or order of the Supreme Court therein, and all things concerning the same, shall be remitted to the circuit court in chancery for the proper county, when such further proceedings shall be thereupon had as may be necessary to carry such decree or order into effect."

Subsequently the city filed in the circuit court a petition asserting that the Horners had not complied with the decree, but, upon the contrary, had caused to be organized, and were large stockholders in, a corporation to carry on the business of electric lighting in said city, and had transferred to it certain wires which were within the terms of the order, and which were then removed from the poles upon which they were originally strung, and attached to buildings owned by private persons, and to certain telephone poles erected and standing in the streets of the city. Said wires crossed certain streets of the city, and have since been used by said corporation to furnish electric lights to the inhabitants of the city. The corporation claims to be owner of said wires, and to have the right to use them in furnishing its patrons with light,—a business in which it is engaged without any authority obtained from said city. Said petition recited the proceedings and decree, and prayed for an order against said Horners and the newly-organized corporation aforesaid, requiring them to show cause—

"Why they should not be punished for the contempt and misconduct alleged to have been done and committed by them, or either of them, in contempt of the order of the Supreme Court, and prejudicial to the rights of the said petitioner in this cause, so that the right of the said defendant [*i. e.*, the petitioner] to have said poles, wires, and other electrical apparatus removed from the streets of said city may be enforced."

Interrogatories and answers followed in due time, and upon a hearing of the controversy the circuit judge filed a memorandum concluding with the statement following, to wit:

"I am of the opinion, after examining the pleadings in this case and the decree of the Supreme Court, including the petitions, answers, interrogatories, and answers thereto, that the decree of the Supreme Court has not been violated by the Horner Bros. nor the Citizens' Electric-Light Company. The petition will be dismissed, with costs to be taxed."

This memorandum bears date August 1, 1900.

In September, 1900, the city filed its petition in this court, reciting the facts already stated, and praying an order requiring said respondents to show cause why they should not be punished for contempt for not obeying and for evading performance of the order and direction of this court. The petition was accompanied by copies of the interrogatories and answers filed in the circuit court. The respondents filed answers, and the cause has been heard in this court. It is to be considered an original application, and in no sense an appeal from an order or decree of the circuit court. In fact, the record shows that the memorandum opinion of the circuit court was not followed by an order or decree.

Contempts are of two classes: *First*, those which are purely criminal, and are noticed and punished merely to vindicate and preserve the authority of judicial tribunals and propriety of conduct in their proceedings; *second*, civil contempts, which, though criminal in nature as to procedure, are primarily a means of conferring civil rights. Originally this was the usual method of enforcing decrees and orders made in courts of chancery, and in England it was long, if it is not yet, a concurrent method, after the court was authorized to issue writs of *fieri facias* and *elegit*. See 2 Daniell, Ch. Pl. & Prac. 1042. It is not so in this State, however, owing to the abolition of imprisonment for debt; and the effect of our decisions is to confine the remedy to cases where execution is not permitted. In New Jersey it is held that contempt proceedings instituted by private persons for the purpose of enforcing their rights are civil, and the state of mind of the offending party towards the court is immaterial, and it does not purge the

contempt for him to say that he did not intend, in what he did, to contemn the authority of the court. *Thompson* v. *Railroad Co.*, 48 N. J. Eq. 105 (21 Atl. 182). See, also, *Wilcox Silver-Plate Co.* v. *Schimmel*, 59 Mich. 524 (26 N. W. 692). The contempt may usually be cleared by the offending party doing the required act and paying the costs. Jennison, Ch. Prac. 549; 1 Daniell, Ch. Pl. & Prac. 507.

The proceedings in the circuit were instituted to enforce a civil right under the statute (3 Comp. Laws 1897, chap. 301). That court having by statute the control of the case for the purpose of enforcing the decree, under 1 Comp. Laws 1897, § 554, it would seem clear that no other court has jurisdiction for *that* purpose, whether or not this court may punish, as for a criminal contempt, willful disobedience under section 1098 *et seq.*, under any circumstances. This statute confers upon the circuit court the power of determining whether the respondents have disobeyed the decree rendered by this court, and are liable to be punished therefor under this proceeding, and authority to punish under section 10910, subject to the limitation of section 10911. Having taken jurisdiction for that purpose, and determined the question in favor of the respondents, the same must be considered as *res adjudicata* between the parties. Whether such adjudication is conclusive of the question of contempt, and excludes proceedings in this court for a criminal contempt under section 1098 *et seq.*, we need not inquire, if the petition before us is that of a party seeking to enforce a civil remedy under chapter 301. Of this, perhaps, there should be little doubt, as both petitions are filed in the interest of the same party, by the same counsel, and, so far as we remember, neither in brief nor in argument has the claim been made that this was other than a proceeding under chapter 301. But it may be claimed otherwise. Therefore we pass upon the question. Had the court convicted one or all of these respondents, and imposed punishment by fine and imprisonment under section 10910,

this court could not be expected to punish the same act again, under the other statute. Neither can it do so where the circuit court, having full jurisdiction, has acquitted the respondents on the merits of the charge. The judgment of the circuit court is not void, and, if erroneous, cannot be attacked collaterally.

The petition is dismissed, with costs.

The other Justices concurred.