## *In re* EMERY.

1. CONTEMPT—STATUTORY PROVISIONS—APPLICATION TO CRIMINAL
   PROCEEDINGS.
   
   Chapter 301, 3 Comp. Laws, relates to "Proceedings as for Contempts to Enforce Civil Remedies," and does not apply to contempts in criminal proceedings.

2. SAME—CRIMINAL CONTEMPTS—POWER TO PUNISH.
   
   Section 1098, 1 Comp. Laws, relating to criminal contempts, does not confer upon the circuit court the power to punish for contempt an interference with the people's witnesses on a preliminary examination pending before a justice of the peace, but by its terms excludes such authority.

3. SAME—CAUSE DEPENDING IN COURT — CRIMINAL EXAMINATION.
   
   A preliminary examination before a magistrate on a criminal charge triable in circuit court is not a cause or matter depending or triable in circuit court such that an interference with the witnesses therein may be punished by the circuit court as a contempt under its general constitutional jurisdiction.

Certiorari to St. Clair; Law and Tappan, JJ. Submitted July 2, 1907. (Calendar No. 22,331.) Decided July 17, 1907.

Thomas Emery was found guilty of contempt, and sentenced to pay a fine of fifty dollars, or in default thereof to imprisonment in the county jail not exceeding thirty days. Reversed, and proceedings quashed.

*John M. Kane* and *John L. Black* (*William T. Mitchell*, of counsel), for petitioner.

*P. H. Phillips*, for respondents.

BLAIR, J. Plaintiffs in error were found guilty of conspiring together to induce one John McIntyre, a material witness for the people, to remove himself from the juris-

diction of a justice's court of the city of Port Huron, in which was pending an examination upon a complaint charging one David Murphy, a saloonkeeper, with furnishing and giving intoxicating liquors to the said John McIntyre, a minor of the age of 15 years. Thomas Emery is an attorney at law and appeared for the respondent Murphy as his attorney in the criminal proceedings.

The sole question for our consideration is whether the circuit court had jurisdiction to entertain the contempt proceedings. It is unnecessary to consider the questions raised as to the power of the circuit court to punish for contempts committed against itself. Such questions have been fully settled by this court. *Nichols* v. *Judge of Superior Court of Grand Rapids*, 130 Mich. 187.

But plaintiffs in error contend that in the present instance the contempt was not committed against the circuit court or any of its officers, nor in any matter concerning that court. On the other hand, it is claimed that the proceedings constituted "a cause or matter depending or triable" in the circuit court, and that the power to punish for a contempt therein is expressly conferred upon the circuit court by subdivision 4 of section 10891, 3 Comp. Laws. Chapter 301, containing the section in question, relates to "Proceedings as for Contempts to Enforce Civil Remedies," and does not apply to contempts in criminal proceedings. *City of Eaton Rapids* v. *Horner*, 126 Mich. 52; *In re Osborn*, 131 Mich. 118.

Section 1098, 1 Comp. Laws, relating to criminal contempts, does not confer the power to punish for a contempt such as the present, but by its terms excludes such authority. It has been held, however, that this section does not apply to the circuit courts, and does not limit their inherent and exclusive constitutional powers over contempts. *Nichols* v. *Judge of Superior Court of Grand Rapids*, supra. If, therefore, the pending examination was a cause or matter depending or triable in the circuit court, we are satisfied that that court under its

general constitutional jurisdiction would have power to punish the alleged contempt. Was the examination a matter depending or triable in the circuit court? We think not. At the time of the commission of the alleged contempt, the matter was not triable in any court; but the object of the examination was to determine whether an offense had been committed which would be triable in the circuit court, and, until the examining magistrate committed the defendant for trial, there was no case depending or triable in the circuit court. The functions of justices of the peace in holding such examinations are referred to by Justice CAMPBELL, in his opinion in *Allor* v. *Wayne County Auditors*, 43 Mich. 76, as follows:

"The power to examine and commit persons charged with crimes beyond the cognizance of justices to try is also intrusted to justices of the peace in common with various judges, judicial officers, and city officers. 2 Comp. Laws 1871, chap. 259. This power is not exercised by those officers as courts, and it is not in the proper sense of the term 'judicial power.' It may be vested in other persons than courts, as well as in courts. It belongs to the duties of conservators of the peace; and the Constitution has made supreme and circuit court judges, as well as justices of the peace, such conservators. Article 6, § 19. The difference between this power and that of trying offenders is referred to, among other cases, in *Daniels* v. *People*, 6 Mich. 381, and *In re Farnham*, 8 Mich. 89."

The power to punish for such contempts as the present has not been committed to the circuit court by any statute, and we are of the opinion that such power is not inherent in the court.

Order vacated, and proceedings quashed.

MCALVAY, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.