# APRIL TERM, 1968.*

## In re APPLICATION OF GOVERNOR.

### JURISDICTION OF COURT OF APPEALS.

#### DECISION OF THE COURT.

1. COURTS—COURT OF APPEALS—ONE-MAN GRAND JURY—EQUALLY DIVIDED COURT.

   Issue of jurisdiction of Court of Appeals to impanel a one-man grand jury is not resolved by Supreme Court, equally divided on the matter (CL 1948, § 767.3, as last amended by PA 1965, No 251).

#### JURISDICTION FOUND.

DETHMERS, C. J., and KELLY, BLACK, and T. E. BRENNAN, JJ.

2. JUDGES—COURT OF APPEALS—CONSERVATORS OF THE PEACE.
   *Judges of the Court of Appeals are conservators of the peace, and as such have authority to investigate crime.*

3. GRAND JURY—COURT OF APPEALS—INVESTIGATION OF CRIME—STATEWIDE CONCERN.
   *Court of Appeals has jurisdiction to pass judgment on application for one-man grand jury, and to impanel one-man grand jury for the purpose of a judicial investigation, provided matters to be investigated are of statewide importance involving either a State agency or a criminal conspiracy reaching into a large area of the State.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 901, 902.
[2–8] 24 Am Jur, Grand Jury §§ 5, 13, 17.

DENIAL OF JURISDICTION.

T. M. KAVANAGH, SOURIS, ADAMS, and O'HARA, JJ.

4. COURTS—COURT OF APPEALS—JURISDICTION—ONE-MAN GRAND JURY.

Court of Appeals is without jurisdiction to pass judgment on an application for a one-man grand jury and to impanel a one-man grand jury for the purpose of a judicial investigation, since, except for specific statutory grants of original jurisdiction, statute conferring jurisdiction upon the Court of Appeals confers only appellate jurisdiction (PA 1961, No 236, §§ 308, 310, as added by PA 1964, No 281; PA 1961, No 236, §§ 310, 4304, 4401, as amended by PA 1967, No 65).

DENIAL OF JURISDICTION.

SEPARATE OPINION.

ADAMS, J.

5. GRAND JURY—CONSERVATORS OF THE PEACE—ONE-MAN GRAND JURY.

Whether the one-man grand jury functions as a conservator of the peace is a question that need not be determined in a proceeding to ascertain whether the Court of Appeals may designate one of its members to function as a one-man grand jury (CL 1948, § 767.3, as last amended by PA 1965, No 251).

6. COURTS—COURT OF APPEALS—JURISDICTION—ONE-MAN GRAND JURY.

Statute conferring jurisdiction upon the Court of Appeals does not confer jurisdiction upon it to pass judgment on a petition for a one-man grand jury and to impanel a one-man grand jury for the purpose of an investigation of crime (CL 1948, 767.3, as last amended by PA 1965, No 251; CLS 1961, § 600.308).

7. GRAND JURY—TERRITORIAL JURISDICTION.

Confinement of the jurisdiction of a circuit judge to his circuit when functioning as a one-man grand jury does not impede a statewide investigation in view of statutorily permitted exchange of information between grand juries concurrently conducting investigations (CL 1948, § 767.4, as last amended by PA 1967, No 70).

8. SAME—JURISDICTION—ONE-MAN GRAND JURY.

The Court of Appeals, if it be found to have jurisdiction to designate one of its members as a one-man grand jury, ought not to exercise its discretion to grant a petition to do so,

*where such a proceeding is basically the initial step in a criminal prosecution, and heavy volume of appellate work, which was the primary purpose for creating that Court, indicates that a petition for appointment of one of its members ought to be denied (CL 1948, § 767.3, as last amended by PA 1965, No 251).*

Application by George W. Romney, Governor, and Frank J. Kelley, Attorney General, in the Court of Appeals to impanel a one-man grand jury to investigate alleged crimes in the State Highway Department. Application suppressed by order of the Court. Application transferred from Court of Appeals to Supreme Court on order of Supreme Court. Submitted December 15, 1967. (Calendar No. 51, Docket No. 51,754.) No answer given by opinions released May 20, 1968.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Solomon H. Bienenfeld,* Assistant Attorney General, and *Hugh B. Anderson,* in support of petition.

*Amicus Curiae:*

State Bar of Michigan (*Donald S. Leonard,* of counsel).

American Civil Liberties Union of Michigan (*Norton J. Cohen,* of counsel).

KELLY, J. (*for finding jurisdiction*). Governor George W. Romney and Attorney General Frank J. Kelley filed an application in the Court of Appeals praying that that Court impanel a "one-man grand jury" for the purpose of investigating alleged crimes, offenses, and misdemeanors committed in the construction of State highways and the administration of the department of State highways.

The application and its contents were immediately suppressed by order of the Court pending determination by the Court of Appeals, or the Supreme Court, of the question of the Court of Appeals' authority to entertain the application.

On order of this Court, the application was transferred to this Court to determine the stated question.

At the request of this Court, the attorney general and the criminal jurisprudence committee of the Michigan State Bar have filed briefs which are helpful to this Court in making a decision on the question presented.

The American Civil Liberties Union of Michigan (ACLU) asked leave and have filed a statement *amicus curiae* stating they "take no position on the power of the Court of Appeals to act upon a petition or of a judge of the Court of Appeals to conduct an inquiry", but set forth suggestions as to standards they believe should be observed "in the consideration of a petition for judicial inquiry."

The attorney general's brief sustaining the Court of Appeals' jurisdiction to entertain the application stresses the following points:

1. The application was filed in the Court of Appeals rather than a circuit court because the subject matter of the proposed inquiry is of statewide importance, involves a major State agency, relates to the construction and maintenance of highways throughout the State, and encompasses suspected criminal acts which may have occurred in several separate counties.

2. The statute provides that any judge of "a court of law and of record" has jurisdiction to order a one-man grand-jury investigation.[1]

---

[1] CL 1948, § 767.3, as last amended by PA 1965, No 251 (Stat Ann 1968 Cum Supp § 28.943).

3. The Court of Appeals is a "court of record". Const 1963, art 6, § 19; PA 1961, No 236, § 301, as added by PA 1964, No 281 (MCLA § 600.301 [Stat Ann 1968 Cum Supp § 27A.301]).

4. The Court of Appeals is a "court of law".

"In a wide sense, any duly constituted tribunal administering the laws of the state or nation; in a narrower sense, a court proceeding according to the course of the common law and governed by its rules and principles, as contrasted with a 'court of equity.'" Black's Law Dictionary (4th ed), p 431.

And the Court of Appeals is authorized by statute to issue writs of habeas corpus,[2] and has exclusive jurisdiction for actions for mandamus.[3]

5. The Court of Appeals is a constitutional Court, and the Constitution places no express limitation upon the powers of the Court. Const 1963, art 6, § 10, provides:

"The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court."

6. The power to order a one-man grand-jury investigation is not limited to judges of county courts or courts having original criminal jurisdiction. *People* v. *Ewald* (1942), 302 Mich 31; *In re Hickerson* (1942), 301 Mich 278; *In re Watson* (1940), 293 Mich 263.

7. The one-man grand-jury statute is remedial in nature and should receive a liberal construction. *People* v. *Wolfson* (1933), 264 Mich 409.

8. Judges of the Court of Appeals are "conservators of the peace" (Const 1963, art 6, § 29), and, as

---

[2] PA 1961, No 236, § 4304 (CLS 1961, § 600.4304), as amended by PA 1967, No 65 (Stat Ann 1968 Cum Supp § 27A.4304).

[3] PA 1961, No 236, § 4401 (CLS 1961, § 600.4401), as amended by PA 1967, No 65 (Stat Ann 1968 Cum Supp § 27A.4401).

such, have authority to investigate crime. *In re Slattery* (1945), 310 Mich 458, and *In re Colacasides* (1967), 379 Mich 69, sustain such a conclusion.

The criminal jurisprudence committee of the Michigan State Bar states there is one question involved, namely:

"Does the Court of Appeals have jurisdiction upon complaint or application to order and to designate a judge to conduct the inquiry pursuant to CL 1948, § 767.3 *et seq.,* as amended?"

and, deciding that the answer to this question should be "No," proceeds to establish its position by asserting that:

Judges of the Court of Appeals are conservators of the peace by constitutional provision, but this fact does not confer jurisdiction to conduct the inquiry. Historically, a conservator of the peace did not possess inquisitorial powers at common law, nor does he have such powers under the present statutory and case law of the State of Michigan, and this Court erroneously so held in *In re Slattery* (1945), 310 Mich 458, "which has been followed ever since its writing without question or critical examination." If the *Slattery* construction of the expression "conservators of the peace", is not repudiated and abandoned, "then the Court of Appeals, no less than circuit, recorders, police court judges, and justices of the peace, past and present, is empowered to proceed inquisitorially. To so hold is absurd."

Contending that jurisdiction should not be found in the Court of Appeals, the State Bar committee states:

"Public confidence in the integrity and detachment of this State's appellate courts as being 'above the battle' and political strife must not be impaired in any way whatever by their performance of inquisitorial functions.   *   *   *

"If the governor's request be answered in the affirmative, then the essentially appellate jurisdiction of the Court of Appeals and this Court becomes meaningless; for both Courts can become endlessly involved in inquisitions, to their great detriment as appellate instruments and the manifest prejudice of suitors therein. If the Court of Appeals has the jurisdiction suggested, then so has the Supreme Court, whereupon the threshold of *reductio ad absurdum* is reached. Even a relatively dull imagination can conceive of circumstances in which both the Court of Appeals and the Supreme Court would be disqualified because of prior inquisitorial service, a condition certainly not within the intent, or even conception, of the framers of PA 1917, No 196, or any of its successors."[4]

We agree with the criminal jurisprudence committee of the State Bar that unless we revoke and repudiate our findings in *In re Slattery, supra,* then the Court of Appeals, no less than the circuit judges, is empowered to proceed inquisitorially.

However, an examination of our 1967 opinion in *In re Colacasides, supra,* discloses that all 8 members of this Court affirmed the decision in *In re Slattery.* Both cases employed the then and present provision which constituted certain designated judicial officers as conservators of the peace (Const 1908, art 7, § 18; Const 1963, art 6, § 29), and *In re Slattery* made direct reference to the general powers of such conservators as were written into *Averill* v. *Perrott* (1889), 74 Mich 296, 298. The complete passage to which *Slattery* referred is:

"We think that portion of the act which deprives justices of the peace of jurisdiction as conservators of the peace, as it was held and recognized when the Constitution of 1850 took effect, is void and of no

---

[4] PA 1917, No 196, was repealed by PA 1927, No 175, chap 17, § 1. For provisions of PA 1927, No 175 which re-enacted the 1917 act, see CL 1948, §§ 767.3–767.6 (Stat Ann §§ 28.943–28.946).—REPORTER.

effect.  Article 6, § 19, declares that justices of the peace and other officers therein named shall be conservators of the peace within their several jurisdictions.  This authority it is not within the province of the legislature to deprive them of.  As such conservators, they had, when the Constitution took effect, the authority to apprehend offenders against the criminal laws of the State, and to hold examinations, and commit, bind over, or hold to bail, as well as other authority exercised by conservators of the peace."

The judges of the Court of Appeals, along with other judicial officers, have been made conservators of the peace.[5]  They also, within the 1965 amendment to the one-man grand-jury statute,[6] are judges of a court of law as well as of record.  Thus, they are possessed of all of the powers and duties of such conservators as were known to the common law, and also of such powers and duties as are provided by the aforesaid 1965 amendment for "any judge of a court of law and of record".

For the powers and duties of constitutionally designated conservators of the peace, see *Daniels* v. *People* (1859), 6 Mich 381, 390; *Allor* v. *Wayne County Auditors* (1880), 43 Mich 76, 100, 101; *Attorney General* v. *Loomis* (1905), 141 Mich 547, 560; *In re Emery* (1907), 149 Mich 383, 385; *In re Slattery, supra,* 465, 466; *In re Colacasides, supra,* 91–96.

It does not matter, therefore, that the statute which provides the *jurisdiction* of the *Court of Appeals* confines its scope to "jurisdiction on appeals".  PA 1961,

---

[5] The *powers and duties* of the *judges* in such regard are derived from Const 1963, art 6, § 29.  On the other hand the *jurisdiction* of the *Court of Appeals* is derived from PA 1964, No 281.  It is imperative that we keep in mind the difference between jurisdiction of a court and the powers and duties of judges.  That is the distinction 4 of us maintained in *Buback* v. *Governor* (1968), 380 Mich 209, 229.

[6] CL 1948, § 767.3, as amended by PA 1965, No 251 (Stat Ann 1968 Cum Supp § 28.943).

No 236, § 308, as added by PA 1964, No 281 (MCLA § 600.308 [Stat Ann 1968 Cum Supp § 27A.308]). We are interested now in the powers and duties of persons designated by the Constitution as conservators and of "any judge of a court of law and of record"; not in the jurisdiction of a court to hear and determine justiciable matters and controversies.

The question here presented is whether the judges of the Court of Appeals may lawfully receive and act upon the attorney general's inquisitorial petition. That they may do, not only by authority of the one-man grand-jury statute but also by express authority of Const 1963, art 6, § 29. The latter is a constitutional provision which, as to such judges, we find imbedded in the one-man grand-jury statute to the same extent as was found in the *Slattery* and *Colacasides Cases.*

We do not believe that the appellate court, or this court, would give greater credence to the findings of a judge of the Court of Appeals than it would to the findings of a circuit judge.

We quote with approval from "applicants' brief in reply to brief of criminal jurisprudence committee of the Michigan State Bar," as follows:

"We can conceive of no circumstances in which the Court of Appeals or the Supreme Court would be disqualified from hearing appeals arising out of the exercise of grand jury functions by a Judge or Justice of one of those Courts, since it is not the Courts themselves that conduct the investigations. Furthermore, if the very grant of an application for a judicial investigation, participated in by all of the judges of the Court, should subsequently be challenged, there is no reason why such Court could not entertain such an appeal. In this respect, the challenger's position would be no different than that of one attacking the constitutional or other basis of a court rule promul-

gated by the Supreme Court or seeking a rehearing of a Supreme Court decision.

"With respect to the Bar's argument that the Supreme Court and Court of Appeals could become 'endlessly involved in inquisitions' if it be held that the Justices and Judges of such Courts have grand jury powers, it is sufficient to point out that the statute is discretionary in its terms: If a judge of a court of law and of record shall have probable cause to suspect that any crime has been committed within his jurisdiction, et cetera, 'such judge in his discretion *may make an order* directing that an inquiry be made.' (Emphasis supplied.) Thus, the judges in the exercise of sound judicial discretion may, even though they are of the opinion that a judicial inquiry should be held, deny the application or petition 'without prejudice', thereby permitting the refiling of such petition with a judge of a lower court of law and of record. It may be safely assumed that the judges of appellate courts will not grant applications for judicial inquiries, except where the matters are of statewide importance, involving either a State agency or a criminal conspiracy reaching into a large area of the State."

We want to make it clear that this Court has not examined the application, and does not in any way pass judgment on its sufficiency.

We find that the judges of the Court of Appeals have authority to proceed, or in their discretion not to proceed, to pass judgment on the application.

Dethmers, C. J., and Black and T. E. Brennan, JJ., concurred with Kelly, J.

O'Hara, J. (*for denial of jurisdiction*). We agree with Mr. Justice Kelly's statement of the question presented. We are unable to agree that the Court of Appeals has jurisdiction to entertain a petition to convene a one-man grand jury.

The Court of Appeals was created by Const 1963, art 6, § 1.  Section 10 of that article provides:

*"The jurisdiction of the court of appeals shall be provided by law* and the practice and procedure therein shall be prescribed by rules of the supreme court."   (Emphasis supplied.)

The jurisdiction as provided by law is as follows:[1]

"Sec. 308.  The court of appeals has jurisdiction on appeals from:

"(1)  All final judgments from the recorder's court, superior court, circuit courts and court of claims.

"(2)  All final judgments from justice courts, police courts, municipal courts, probate courts, common pleas courts, or other court inferior to the circuit courts, which on appeal are not triable de novo. All appeals from final judgments from the aforementioned courts which are triable de novo shall continue to be taken to the circuit courts.

"(3)  Such other judgments or interlocutory orders as the supreme court may by rule determine."

We do not discern any suggestion of legislative intent in the foregoing section that the Court should exercise any but appellate jurisdiction.[2]  We construe the statutory wording "on appeals" to be a phrase of limitation.  We agree with the position of the criminal jurisprudence committee of the State Bar of Michigan in its brief *amicus* that had the legislature intended to vest the Court of Appeals with other than appellate jurisdiction it would have expressed that intention affirmatively by language in the recitation of jurisdiction heretofore quoted.  We

___

[1] PA 1961, No 236, § 308, as added by PA 1964, No 281 (MCLA § 600.308 [Stat Ann 1968 Cum Supp § 27A.308]).

[2] Except see the specific grant of original jurisdiction.  PA 1961, No 236, §§ 310, 4304, 4401 (CLS 1961, §§ 600.310, 600.4304, 600.4401), as amended by PA 1967, No 65 (Stat Ann 1968 Cum Supp §§ 27A.310, 27A.4304, 27A.4401).

are further convinced that since the grand-jury stat-
ute was in existence before the Court of Appeals
was created and its jurisdiction denominated, the
legislature would have amended the one-man grand-
jury statute to include judges of the Court of Ap-
peals if it had intended that the members of that
Court have grand jury powers. Our conclusion in
this respect is fortified by the fact that there is no
inherent jurisdiction in that Court. By contrast,
Const 1963, art 6, § 13 confers upon the circuit courts
"original jurisdiction in all matters not prohibited
by law".

The judicial article (art 6, § 8) also provides that
"the supreme court may prescribe by rule that the
court of appeals sit in divisions" and that "Each such
division shall consist of not fewer than three judges".
We construe this section of the judicial article as
some indication that judges of the appellate Court
were not intended to sit individually as one-man
grand jurors.

We do not read *In re Slattery* (1945), 310 Mich 458,
nor *In re Colacasides* (1967), 379 Mich 69, as disposi-
tive of the question here presented. In fact, we do
not find them particularly relevant. In *Slattery* a
question of constitutional infirmity of a grand jury
proceeding conducted by a circuit judge was raised.
It was claimed, on behalf of petitioner Slattery, that
the one-man grand-jury statute imposed nonjudicial
duties on a judge in violation of the separation of
powers doctrine. This Court held (p 467):

"So that there may be no further question, we hold
that the judge conducting a one-man grand jury pro-
ceeding is acting in a judicial capacity."

*In re Colacasides, supra,* p 91, specifically declined
to re-examine this holding on the ground that wheth-
er the one-man grand juror was performing executive
or judicial duties was immaterial because *"whether*

*executive or judicial in nature,* the exercise of such powers would not violate article 3, § 2, either because they are judicial in nature or because, if executive, they are expressly authorized by article 6, § 29 and, thus, within the exception".[3] Neither case is authority for the proposition that one-man grand jurors derive their authority to conduct proceedings from their constitutional status as conservators of the peace. We do not find that the State Bar committee takes any different position. We quote with approval the concluding paragraph of its *amicus* brief:

"Thus, the 'judge of a court of law and of record' intended by the original and successive authors of the present one-man grand jury act must be of a court of original jurisdiction, not the Court of Appeals or the Supreme Court."

It follows necessarily that the Court of Appeals is without jurisdiction to entertain the application or to designate one of its members as a one-man grand juror.

T. M. Kavanagh, Souris, and Adams, JJ., concurred with O'Hara, J.

Adams, J. *(for denial of jurisdiction).* In *In re Colacasides* (1967), 379 Mich 69, 101, Justice Kelly concurred with me in this statement of the law, "the decision of this Court in *In re Slattery* (1945), 310 Mich 458, that a judge conducting a one-man grand jury proceeding *acts in a judicial capacity* is controlling and disposes of this question." (Emphasis supplied.) In *Slattery,* six Justices joined in the opinion, all Justices concurring in the result. The one-man grand-jury statute does not now and never has in the entire history of the statute made even the

---

[3] See, also, Justice Adams' and Justice T. M. Kavanagh's separate opinions in *In re Colacasides, supra,* p 101.

slightest reference to conservators of the peace. Consequently, I do not believe that in this case we are confronted with the powers, duties, or functions of conservators of the peace. Furthermore, this Court has held in *Local 170, Transport Workers Union of America,* v. *Genesee Circuit Judge* (1948), 322 Mich 332,\* that this Court will not separate the judge as an individual from the judge sitting as a judicial officer. The insistence by the people that judges shall act as judges is reinforced by the following constitutional mandate:

"Any justice or judge of a court of record shall be ineligible to be nominated for or elected to an elective office other than a judicial office during the period of his service and for one year thereafter." Const 1963, art 6, § 21.

The question here is the jurisdiction of the Court of Appeals of this State to constitute a member of that Court as a one-man grand juror.

## I—*Jurisdiction.*

An examination of the so-called one-man grand-jury statute, beginning with the original enactment in 1917 and through all amendments of the act, reveals that the grant of power initially to "justice of the peace, police justice or judge of a court of record" and now to "any judge of a court of law and of record" has always been restricted in its exercise to matters "within his jurisdiction".[1]

---

\* See, also, Const 1963, art 3, § 2.—REPORTER.

[1] PA 1917, No 196, § 1, provided:

"Whenever by reason of the filing of any complaint, \* \* \* any *justice of the peace, police justice or judge of a court of record* shall have probable cause to suspect that any crime, offense, misdemeanor or violation of any city ordinance, shall have been committed *within his jurisdiction* \* \* \* ." (Emphasis supplied.)

In 1927 the code of criminal procedure was enacted by PA 1927, No 175, which was an act to revise, consolidate, and codify the laws

It would seem, from a plain reading, that the statute mandates an inquiry by any judge of a court of record and of law as to what his jurisdiction is before he can proceed under the statute.

Before considering the limitations, if any, on his territorial jurisdiction, the judge contemplating a one-man grand-jury proceeding must first find juris-

---

relating to criminal procedure. The corresponding provision appears in chapter 7, § 3 of the code of criminal procedure and is a reenactment of the same language as PA 1917, No 196, § 1, with one change, namely: the words "police justice" were changed in the 1927 act to "police judge". No further amendment was made prior to 1948, and the applicable provisions appear in CL 1948, § 767.3.

PA 1949, No 311, amended the section here under consideration to provide:

"Whenever by the reason of the filing of any complaint, * * * any *justice of the peace* or *police judge* shall have probable cause to suspect that any crime, offense, misdemeanor or violation of any city ordinance shall have been committed within his jurisdiction, he shall refer such complaint together with his recommendations thereon to a circuit judge or a judge of a court of record having jurisdiction in criminal causes in any county of this state.

"Whenever a complaint shall be filed with any *circuit judge or judge of a court of record* having jurisdiction in criminal causes in any county of this state, * * * or whenever any complaint has been referred to such judge by any justice of the peace or police judge, and such judge shall have probable cause to suspect that any crime, offense, misdemeanor or violation of any city ordinance shall have been committed *within his jurisdiction,* such circuit judge or judge of a court of record shall forthwith call 2 other judges of such court in said county to consider and act en banc with him upon such complaint." (Emphasis supplied.)

The law was changed at the next regular session of the legislature by PA 1951, No 276, which amended the pertinent language to read as follows:

"Whenever by reason of the filing of any complaint, * * * any *judge of a court of law and of record* shall have probable cause to suspect that any crime, offense or misdemeanor shall have been committed within his jurisdiction, * * * * ." (Emphasis supplied.)

The present one-man grand-jury statute is CL 1948, § 767.3, as last amended by PA 1965, No 251 (Stat Ann 1968 Cum Supp § 28-.943). In part, it provides:

"Whenever by reason of the filing of any complaint, * * * any judge of a court of law and of record shall have probable cause to suspect that any crime, offense or misdemeanor has been committed *within his jurisdiction,* * * * such judge in his discretion may make an order directing that an inquiry be made into the matters relating to such complaint, which order, or any amendment thereof, shall be specific to common intent of the scope of the inquiry to be conducted, and thereupon conduct such inquiry." (Emphasis supplied.)

diction as a court to deal with the criminal offense, or offenses, which would be the subject matter of his inquiry. Lacking jurisdiction as a court, for any reason, over the suspected criminal offense, the judge may not proceed as a grand juror.[2] The point is, it is *the jurisdiction* of the court that controls *the power* of a judge to proceed under the statute.

The Constitution of 1963, art 6, § 10, provides:

"The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court."[3]

Because of the above constitutional mandate, I agree with Justice O'Hara that we must look to legislative enactment with reference to the Court of Appeals to determine the jurisdiction of that Court. The legislative enactment PA 1961, No 236, § 308, as added by PA 1964, No 281 (MCLA § 600.308 [Stat Ann 1968 Cum Supp § 27A.308]), has been set forth by Justice O'Hara in his opinion. I agree with him in his analysis of the law: that that section of the

---

[2] By the original enactment, PA 1917, No 196, § 2, the justice or judge who conducted the inquiry, if satisfied that an offense had been committed and that there was probable cause to suspect the persons guilty thereof, upon their apprehension, was empowered to try the criminal case in like manner as upon formal complaint. When read with section 1 of that act (footnote 1, *supra*) it becomes apparent that the legislative concept of the one-man grand juror was a judge who would inquire as to criminal offenses within his jurisdiction and upon a showing of probable cause would issue process for the apprehension of the suspected offender and, upon apprehension, the judge would complete the proceeding by trying the criminal case. This statutory scheme remained in effect without change until 1947 when the provision was amended by PA 1947, No 33, to disqualify the justice or judge who served as the one-man grand juror from acting as the examining magistrate in connection with the hearing on the complaint or indictment or from presiding at any trial arising therefrom. This disqualification provision remains in the present statute, PA 1967, No 70. Under that act, the judge having jurisdiction shall proceed with the case in like manner as upon formal complaint.

[3] This language should be contrasted with the nonrestrictive language of art 6, § 13, "The circuit court shall have original jurisdiction *in all matters not prohibited by law.*" (Emphasis supplied.)

statute does not confer upon the Court of Appeals anything other than appellate jurisdiction. In addition to the original grant of jurisdiction to the Court of Appeals, it should be noted that:

PA 1939, No 176, § 23, as added by PA 1949, No 230, and amended by PA 1965, No 282, provides that the Court of Appeals shall review by leave rulings and orders of the labor mediation board dealing with unfair labor practices.

PA 1966, No 261, § 6 (MCLA § 46.406, Stat Ann 1968 Cum Supp § 5.359 [6]) provides that registered voters may petition the Court of Appeals to review apportionment plans filed by boards of county supervisors.

PA 1967, No 65, amending CLS 1961, §§ 600.310, 600.4304, 600.4401 (Stat Ann 1965 Cum Supp §§ 27A.310, 27A.4304, 27A.4401) provides that the Court of Appeals has original jurisdiction to issue prerogative and remedial writs, or orders as provided by the rules of the Supreme Court, has authority to issue the writ of habeas corpus, and has jurisdiction to hear mandamus actions commenced in that Court or the Supreme Court as provided by rules of the Supreme Court.

PA 1961, No 236, § 308, as added by PA 1964, No 281 (MCLA § 600.308, Stat Ann 1968 Cum Supp § 27A.308), provides that the Court of Appeals has jurisdiction to hear (1) all final judgments from the recorder's court, circuit courts, and court of claims, (2) all final judgments from justice courts, police courts, municipal courts, probate courts, common pleas courts, or other court inferior to the circuit courts, which on appeal are not triable *de novo,* and (3) such other judgments or interlocutory orders as the Supreme Court may by rule determine. The act was implemented by GCR 1963, 806.2 and 816.2(2).

In *State Bar of Michigan* v. *Block* (1966), 378 Mich 743, by order of this Court, the Court of Appeals was

required to accept jurisdiction of that case to review a disbarment proceeding by way of claim of appeal as of right.

*Every grant of jurisdiction to the Court of Appeals, it is to be noted, is one of appellate or supervisory jurisdiction.* Justice Kelly finds authority in *Averill* v. *Perrott* (1889), 74 Mich 296, 298, in the constitutional designation of conservators of the peace for judges of the Court of Appeals acting as one-man grand juries with "authority to apprehend offenders against the criminal laws of the State, and to hold examinations, and commit, bind over, or hold to bail". It is inconceivable to me that judges of the second highest court of this State have been assigned by the one-man grand-jury statute the duty of performing in such a manner in each of a number of counties throughout the State.

Nowhere by statute has the legislature conferred jurisdiction on the Court of Appeals to try a criminal case or to punish a guilty criminal offender. It is obvious that no judge of the Court of Appeals, whether acting as a one-man grand jury or not, upon apprehension of the suspected criminal offender, "shall proceed with the case, matter or proceeding in like manner as upon formal complaint" as the present statute requires. See footnote 2, *supra*. Furthermore, the one-man grand-jury statute speaks of "any complaint or indictment" filed or returned by the judge serving as the one-man grand jury upon a showing of probable cause. If judges of the Court of Appeals are empowered to file complaints and return indictments in each county of venue of criminal offenses growing out of a statewide investigation, who will review such action if the same is to be subject to appellate review?

From a review of the one-man grand-jury statute, it is apparent that the proceeding was originally con-

ceived of as a unitary one from the convening of the grand jury through the trial of persons accused of crimes or offenses. While this concept shifted somewhat with the change in the law in 1947, disqualifying the grand juror from acting as the examining magistrate or trial judge, it seems clear that the jurisdiction referred to in every amendment to the act is a criminal trial jurisdiction over "any crime, offense or misdemeanor * * * committed" and triable by the grand jury were it not for the disqualification which came into the act in 1947.

The jurisdiction of a circuit judge, acting as a oneman grand jury, is confined territorially to his circuit. This, however, is no impediment to a statewide investigation since the legislature has provided for exchange of information between grand jurors concurrently conducting investigations.[4]

## II—*Discretion.*

Assuming jurisdiction to be in the court to which a petition is addressed, the exercise of power under the grand-jury act is discretionary. The language of the statute is:

"Such judge in his discretion may make an order directing that an inquiry be made."

It is beyond question that the purpose of the creation of the Court of Appeals was to create an intermediate appellate court to provide speedy, adequate, and final review of the majority of appeals of cases from the trial courts of this State. Because of the

---

[4] "The limitations, restrictions and penalties relating to the uttering, publishing or disclosing of any statement pertaining to any information or evidence, imposed by this section, do not apply to disclosures of information or evidence made by a judge conducting such an investigation to another judge concurrently conducting an investigation as provided in section 3." CL 1948, § 767.4, as last amended by PA 1967, No 70 (Stat Ann 1968 Cum Supp § 28.944).

large number of such appeals, almost from the very inception of the present 9-man Court of Appeals, the Court has found itself without the necessary manpower to execute that mission.

The Court of Appeals began to function as a court on January 1, 1965. It has since that date petitioned this Court for additional judges on numerous occasions.[5]

On October 25, 1967, Ronald L. Dzierbicki, clerk of the Court of Appeals, in a memorandum to Chief Judge T. John Lesinski, copy of which was forwarded to me by the Chief Judge on December 12, 1967, gave an interim status report of the activity of the Court of Appeals for the year 1967. The 11-page memorandum reviews the work of the Court of Appeals for 1965, 1966 and for three-quarters of the year 1967. The following is quoted from the conclusion of the clerk's study and report:

"The foregoing analysis of statistical figures relating to activity in the Court of Appeals indicates that all of the efforts taken thus far by the judges of this Court have not abated the enveloping flood of appeals that continues to rise and threaten the very foundations of this Court. It is imperative that action be taken as soon as possible in 4 areas in an attempt to alleviate this critical situation:

"(1) The present bill before the legislature authorizing the election of 3 additional judges to the Court of Appeals should be enacted.

_____

[5] In March, 1967, this Court furnished to the Court of Appeals, pursuant to request from that Court, 3 panels of circuit judges, one panel for April, 1967, one for May, 1967, and one for June, 1967. In December, 1967, this Court furnished to the Court of Appeals, pursuant to request from that Court, 3 panels of circuit judges, one panel for January, 1968, one for February, 1968, and one for March, 1968. In March, 1968, this Court furnished to the Court of Appeals, pursuant to request from that Court, 3 panels of circuit judges, one panel for April, 1968, one for May, 1968, and one for June, 1968. In 1966, the Court of Appeals applied to the legislature for 3 additional judges and in 1967 and 1968 this Court recommended 3 additional judges for the Court of Appeals.

"(2) [pertains to staff increases].

"(3) [pertains to memorandum opinions].

"(4) [pertains to a statutory change relating to opinions].

"*Needless to say, it would be highly undesirable for the jurisdiction of this Court to be extended beyond the present limits.* All projections indicate that even with the present jurisdiction the appeals being filed with this Court will continue to grow at the rate of 20% each year. *In fact, a fifth course that is open to attack the problem of backlog in this Court is to do precisely the opposite; that is, provide for statutory decreases in the jurisdiction of this Court.*" (Emphasis supplied.)

Even if we were to hold that the Court of Appeals had authority to proceed under the one-man grand jury act, it seems manifest that, in the exercise of its discretion, the Court ought not to proceed, not only because of the work load of that Court in its proper sphere but because the need for such action has not been demonstrated.

A construction of the one-man grand-jury statute, contrary to what I believe to be the plain provisions of that statute, that the Court of Appeals may entertain petitions and conduct a one-man grand jury of necessity, leads to an identical conclusion with regard to the power and authority of this Court under the statute. If the carefully conceived and recently improved system of courts for this State is thus to be turned upside down, the only result can be utter chaos. Grand-jury proceedings, whether one-man or 23-man, have always been the initial step —the beginning—of criminal prosecutions which pass from the grand jury or grand juror to a trial court and thence to the appellate courts. For a judge of an appellate court to undertake such a proceeding would be disastrously to affect all ensuing criminal

prosecutions, both on the trial level and upon appeal.

The questions of constitutional and of substantive law are not the only ones, however, that would be raised by such action. The procedural questions which would be created, particularly with regard to appellate review, would be formidable.

The Court of Appeals is without jurisdiction to entertain the application or to designate one of its members as a grand juror. In any event, such Court ought not, in its discretion pursuant to the grand-jury statute, to grant any petition for any one-man grand jury. The Court of Appeals could properly deny any such petition, because the proper forum for the same is one of the trial courts of this State. Such action would permit the Court of Appeals to perform its proper function within the court system of this State.